UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CASSANDRA J.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Case No. 2:25-cv-00558-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI"). *See* Dkts. 5, 9.

Plaintiff argues the Administrative Law Judge ("ALJ") and Appeals Council ("AC") failed to properly consider six medical opinions: Dr. Holly Petaja, Dr. Tasmyn Bowes, Dr. James Czysz, Dr. Jim Basinski, Patricia Terry, and Dr. Britt Anderson. Dkt. 9 at 3-4, 11-12, 14-15. Plaintiff challenges only the decision pertaining to her mental health symptoms and limitations, not the ALJ's assessment concerning her physical condition. Dkt. 9.

As discussed below, the ALJ and the AC erred in their evaluation of medical opinion evidence. The ALJ's and AC's errors are not harmless because if these opinions had not been discounted, the Residual Functional Capacity (RFC)

1

determination potentially would have included more severe mental health-related limitations.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 2. For the reasons below, the Court **REVERSES** the denial of benefits and **REMANDS** for further proceedings.

## I.    BACKGROUND

On July 1, 2019, plaintiff applied for benefits, alleging disability beginning June 1, 2019. Administrative Record ("AR") 103-04, 117-18. Plaintiff's claim was denied initially and upon reconsideration. AR 103-04, 117-18. Plaintiff appeared before an ALJ on May 13, 2021. AR 44. The ALJ issued an unfavorable decision on June 22, 2021. AR 129. The AC reversed and remanded for further proceedings on September 14, 2022. AR 155.

Plaintiff again appeared at a hearing before an ALJ on August 23, 2023. AR 74. The ALJ issued an unfavorable decision on March 6, 2024 (decision begins at AR 13); the ALJ discussed the opinions of Dr. Bowes, Dr. Czysz, Dr. Basinski, and Dr. Anderson. *E.g.* AR 30-35. The AC affirmed the ALJ's decision on January 24, 2025. AR 1. The AC adopted the ALJ's findings, and addressed the opinion of Ms. Terry.[1] *E.g.* AR 5. Neither the ALJ's decision, nor AC's review decision, discussed the persuasiveness of Dr. Petaja's opinion.

The ALJ found, and the AC adopted, the following Residual Functional Capacity regarding plaintiff's mental limitations:

---

[1] "[B]ecause the Appeals Council adopted most of the ALJ's findings, the ALJ's findings are discussed in this decision, even though the Appeals Council's decision is the decision before the Court for review." *Charlotte Ann A. v. O'Malley*, No. 2:22-CV-00056-LRS, 2024 WL 133054, at *1 n.3 (E.D. Wash. Jan. 11, 2024).

2

> She can perform simple, routine, and repetitive work that involves only simple work-related decisions and occasional decision making and changes in the work setting, but cannot perform assembly line work, and can tolerate occasional, brief, and superficial interaction with co-workers and the public..

AR 5, 21. Plaintiff now appeals to this Court. Dkt. 5.

## II.   DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017).

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 587 U.S. 97, 103 (2019) (internal citations omitted). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its own judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009-10 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* Where the evidence can reasonably support either affirming or reversing a decision, the Court may not substitute its judgment for that of the ALJ. *Id.*

The Court reviews only the reasons provided by the ALJ, and may not affirm the ALJ on a ground upon which it did not rely did not rely. *Id.* The Court may determine the

ALJ's reasoning by drawing reasonable inferences and determining an implied finding from the record. *See Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014).

### B. ALJ's Consideration of Medical Opinions

Plaintiff filed her claim on July 1, 2019, meaning the ALJ applied the 2017 regulations. *See* AR 103-04, 117-18. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the new 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Ninth Circuit held "our longstanding case law requiring an ALJ to provide 'specific and legitimate'[2] reasons for rejecting an examining doctor's opinion" is "incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 787, 792.

In other words, under the new regulations the ALJ "must 'articulate ... how persuasive' it finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings . . ." *Id.* at 792.

---

[2] *See Murray v. Heckler,* 722 F.2d 499, 501-02 (9th Cir. 1983) (describing the standard of "specific, legitimate reasons").

4

**i.      Dr. Petaja**

It is undisputed that the ALJ and the AC decisions failed to address the persuasiveness of Dr. Petaja's opinion. Dkt. 9 at 3; Dkt. 11 at 15-16.

In May 2019, Dr. Petaja provided a "Review of Medical Evidence" report submitted on behalf of Washington's Department of Social and Health Services ("DSHS"). AR 1800. Dr. Petaja reviewed Dr. Czysz's psychological evaluations and did not provide any independent substantive explanation or analysis beyond checking various boxes and providing numerical scores. AR 1800-02. Dr. Petaja checked the same boxes when determining whether plaintiff's limitations were significant, marked, or severe, as Dr. Czysz had documented. AR 532, 1795, 1801.

This Court previously considered a situation where "Dr. Eisenhauer conducted a review of the medical evidence for DSHS" which "consisted of a review of Dr. Widlan's March 4, 2014 opinion and reached *nearly identical conclusions*, assessing Plaintiff as having a range of moderate, marked, and severe work-related mental limitations." *Undra D. v. Comm'r of Soc. Sec.*, No. 2:18-cv-01733-TLF, 2020 WL 729206, at *7 (W.D. Wash. Feb. 13, 2020) (emphasis added).

This Court reversed the ALJ, as while the opinions may have been similar, if not identical, the Court "reviews 'only the reasons provided by the ALJ . . . and may not affirm the ALJ on a ground upon which he did not rely.'" *Id.* (quoting *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)). "Holding that a subsequent opinion consistent with a finding of disability can be ignored because it is similar to another opinion that has been properly discounted would turn the substantial evidence standard on its head" as "an

acceptable medical source, which is consistent with a finding of disability, obviously has the potential to bolster a claimant's case, and the Court cannot say that a failure to consider such an opinion constitutes harmless error." *Id.* at *8 (citing *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012)).

Thus, as both the ALJ and AC failed to expressly and substantively discuss the persuasiveness of Dr. Petaja's opinion, reversal is warranted.

### ii.    ALJ's Findings Relating to the Medical Opinion Evidence

The ALJ and AC, in comparing the remaining five medical opinions to the overall record, repeatedly cited the same set of treatment notes when assessing persuasiveness. AR 5, 30-35. The ALJ and AC focus narrowly on notes stating plaintiff was 'normal' in numerous categories. Both this Court and the Ninth Circuit have disapproved similar generalized reasoning.

To avoid repetition, the Court will address these citations here.

First, the ALJ and AC cited multiple notes from providers which indicate "[i]n multiple therapy and psychiatric sessions, the claimant had normal/focused attention/concentration and grossly normal memory with a logical, organized or goal directed thought form." *E.g.* AR 31 (citing AR 1298, 1354, 1405, 1443, 1489, 1541, 1591, 1640, 1692, 1740, 1789, 1821). These citations include notes from various providers, including Dr. Basinski, Ms. Terry, and Keith Johannes (plaintiff's counselor before Ms. Terry). The ALJ and AC cited these records when addressing Dr. Czysz, Dr. Bowes, Dr. Anderson, and Ms. Terry, only declining to do so for Dr. Basinski. AR 5, 30-34.

6

Second, the ALJ and AC cited multiple notes from providers for the proposition that "[i]n sessions with her therapists, the claimant was alert and oriented with normal speech, her mood was noted as not depressed, her affect was full range, and she had an organized, linear thought form with no hallucinations, delusions, or unusual thoughts, attention/concentration that was within normal limits, a grossly intact memory, and fair insight and judgment." *E.g.* AR 32 (citing AR 1441-47, 1458-94, 1495-1532). These citations include notes from various providers, including Ms. Terry and Mr. Johannes. The ALJ and AC cited these records when assessing Dr. Czysz, Dr. Bowes, Dr. Basinski, and Ms. Terry, only declining to do so for Dr. Anderson. AR 5, 30-34.

This Court has rejected reliance on 'normal' notes when "the records cited by the ALJ contain many abnormalities alongside the normal findings . . ." *Halee L. J. v. Comm'r of Soc. Sec.*, No. C25-509-BAT, 2025 WL 2753611, at *3 (W.D. Wash. Sept. 29, 2025). Here, while these notes repeatedly cite to 'normal' mental status examinations ("MSE"), the notes are taken out of context. For example, these notes also state plaintiff "continues to display some mood dysregulation with episodes of tearfulness common during 1:1s" in addition to "report[ing] increased night terrors and depressed mood." *E.g.* AR 1443, 1488. As further example, these notes also indicate "[p]atient presented distraught during the meeting, becoming tearful numerous times." *E.g.* AR 1739, 1754.

Relatedly, the Ninth Circuit "emphasized [that] while discussing mental health issues, it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment." *Garrison*, 759 F.3d at 1017; *see also Lester v. Chater*,

81 F.3d 821, 833 (9th Cir. 1995) ("Occasional symptom-free periods—and even the sporadic ability to work—are not inconsistent with disability.").

In sum, the ALJ's generalized reliance on the above records is "not supported by substantial evidence" as "the ALJ selectively relied on some entries in [plaintiff's] records . . . and ignored the many others that indicated continued, severe impairment." *Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001); *see also Jason B. v. Comm'r of Soc. Sec.*, No. C22-1103-SKV, 2023 WL 4621895, at *2 (W.D. Wash. Jul. 19, 2023) (disapproving of an ALJ decision which "excised" findings from their "full context of the record.").

The ALJ and AC also discounted all five remaining medical opinions by citing plaintiff's daily activities, including the plaintiff's personal care, use of public transport, shopping, happiness with her cat, or making a friend in her apartment building. AR 5, 30-34.

Similar to the above, courts in the Ninth Circuit have disapproved of generalized reliance on a plaintiff's daily activities. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("claimants should not be penalized for attempting to lead normal lives in the face of their limitations"); *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (rejecting generalized reliance on the "'mere fact that a plaintiff has carried on certain daily activities'"). "The Ninth Circuit . . .  has repeatedly noted that many everyday activities are not inconsistent with a claim of disability." *Corinna H. v. Kijakazi*, No. 2:21-CV-00113-JAG, 2023 WL 2702544, at *6 (E.D. Wash. Mar. 29, 2023) (citing *Garrison*, 759 F.3d at 1016).  "'[M]any home activities are not easily transferable to what may be the more

grueling environment of the workplace, where it might be impossible to periodically rest . . .'" *Id.* (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Here, similar to *Corinna H.*, the ALJ and AC referenced these daily activities when discounting the challenged medical opinions, but did not "explain how any of the identified activities were inconsistent with Plaintiff's allegations." *Id.*; AR 5, 30-34.

### iii.    Dr. James Czysz

Dr. Czysz provided a psychological evaluation on behalf of Washington's Department of Social and Health Services ("DSHS") in May 2019. AR 530, 1793.

Regarding plaintiff's limitations, Dr. Czysz found an overall severity rating of "marked," and marked no limitations as being "severe." AR 1795. Additionally, Dr. Czysz marked "No" when asked whether plaintiff's "Thought Process and Content," "Concentration" and "Insight and Judgment" were "within normal limits?"[3] AR 1796-97. More specifically: "Her thought process was a bit accelerated and tangential but otherwise well organized," but her "thought content was notable for depressive, self-critical, and negativistic brooding as well as perseveration and intrusive memories of past trauma." AR 1796. "She faltered on [the Serial Sevens] task a few times and would likely have difficulty maintaining concentration over the course of a work day." AR 1797. Finally, "[h]er insight and judgment have improved . . . however, she appears to have impaired ability to engage in executive functioning skills such as planning and organizing behavior in a task oriented manner." AR 1797.

The ALJ found Dr. Czysz's opinion to be "not persuasive" as it was "inconsistent with the overall record." AR 32. As discussed above, the ALJ improperly relied on a

---

[3] Dr. Czysz marked both "Yes" and "No" regarding plaintiff's "Fund of Knowledge." AR 1796.

generalized sample of treatment notes and daily activities in rejecting Dr. Czysz's opinion. AR 32-33.

### iv.    Dr. Tasmyn Bowes

Dr. Bowes provided a "Psychological / Psychiatric Evaluation" on behalf of DSHS in August 2023. AR 1877.

Regarding plaintiff's limitations, Dr. Bowes found an overall severity rating of "marked." AR 1880. Even so, Dr. Bowes designated three limitations as "severe," namely plaintiff's ability to "[p]erform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision," "[c]ommunicate and perform effectively in a work setting," and "[c]omplete a normal work day and work week without interruptions from psychologically based symptoms." AR 1880. Unlike Dr. Czysz, Dr. Bowes marked "yes" when asked whether plaintiff's "Thought Process and Content," "Concentration" and "Insight and Judgment," and all other categories were "within normal limits?" AR 1882.

As discussed above, the ALJ improperly relied on a generalized sample of treatment notes and daily activities in rejecting Dr. Bowes' opinion. AR 33-34.

The ALJ also found Dr. Bowes' opinion was "only partially supported by Dr. Bowes's exam." AR 34. Similar to the generalized records discussed earlier, the ALJ focuses on notes that Dr. Bowes noted some of plaintiff's condition was "normal" and that she succeeded on certain tests. AR 34. However, in context Dr. Bowes made further clinical findings that plaintiff faced "chronic worry/over[whel]m" or "[d]ifficulties with concentration" with a "[p]ervasive history of unstable moods . . ." AR 1879-80.

To the extent the ALJ discounted Dr. Bowes as "rely[ing] heavily on the claimant's reported symptoms and limitations," (AR 34) the Ninth Circuit has rejected such generalized reasoning as "[p]sychiatric evaluations may appear subjective, especially compared to evaluation in other medical fields" as "[d]iagnoses will always depend in part on the patient's self-report, as well as on the clinician's observations of the patient." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017); *see also Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199 (9th Cir. 2008) ("There is nothing in the record to suggest that . . . [the medical provider] relied on those descriptions more heavily than his own clinical observations.").

The ALJ also rejected Dr. Bowes' opinion because it was "based on a one-time telephone examination with minimal records . . ." AR 33-34. Plaintiff cites no on-point binding authority that forecloses the ALJ from relying on this reasoning. While courts have rejected ALJ's reliance on the fact an expert only engaged in a one-time telephone conversation, they did so because the expert indicated they had separately reviewed and quoted plaintiff's treatment records. *See, e.g., Gamal E. v. Comm'r of Soc. Sec.*, No. 24-cv-07368-KAW, 2026 WL 1213834, at *6 (N.D. Cal. Mar. 31, 2026). Here, Dr. Bowes only indicates she reviewed a "[s]ocial service Intake provided by DSHS." AR 1877.

Because the ALJ had at least one legally supported reason for finding Dr. Bowes' opinion unpersuasive, there is no reversible error as to this portion of the ALJ's decision, because the other unsupported reasons would be harmless.

**v.    Dr. Jim Basinski**

11

Dr. Basinski provided a "Mental Residual Functional Capacity Assessment" in January 2021. AR 1803, 1806.

Dr. Basinski's evaluation noted severe limitations within all three categories (understanding and memory, sustained concentration & persistence, and adaptation). AR 1803-04. He also noted that he would expect plaintiff would "miss work more than twice a month . . . would be expected to require additional breaks" and "would require accommodations such as flexible scheduling . . ." AR 1804. He further opined that "I don't see this patient reasonably being able to follow a schedule, routine, expectations of full time work due to her mental illness." AR 1804.

The ALJ found Dr. Basinski's opinion to be "not persuasive." AR 31. As discussed above, the ALJ improperly relied on a generalized sample of treatment notes and daily activities in rejecting Dr. Bowes' opinion. AR 31-32.

The ALJ also found that "Dr Basinski did not start treating claimant until 2019, which makes it problematic he opined the limitations dated back to 2016." AR 31. Yet, as plaintiff alleges disability beginning June 1, 2019, it is immaterial whether Dr. Basinski's offered an opinion on plaintiff's condition before that date. AR 103-04, 117-18.

The ALJ also specifically addressed various notes from Dr. Basinski. AR 31-32. This included focusing narrowly on notes indicating plaintiff had an "'OK' mood," "less sad affect," was "laughing," had a "good mood" and "had handled the change in therapists to Ms. Terry well," in addition to other notes on MSEs. AR 31-32.

Viewing these notes in context, Dr. Basinski also noted numerous issues, including reports of a "tenuous substance recovery," "panic attacks," (AR 1666) "difficult

12

trauma today," "continued fragility," (AR 1450), "continued fragility around chronic polytrauma," and "more acknowledgement of sadness and PTSD" (AR 1354-55, 1391-92).

Pointing to some isolated notes indicating improvement, particularly when other notes indicate ongoing issues over time, is insufficient to provide substantial evidence. *Attmore v. Colvin*, 827 F.3d 872, 878 (9th Cir. 2016) ("Although the ALJ pointed to isolated signs of improvement, the ALJ could not find medical improvement on that basis unless the ups and the downs of [plaintiff's] development showed *sustained* improvement."); *see also Garrison*, 759 F.3d at 1018.

**vi.    Dr. Britt Anderson**

Dr. Anderson provided one-page statements in January 2021 and April 2021. AR 1335, 1814.

Dr. Anderson had "been Ms. Johnson's primary care doctor for over 8 years, since Jan 24 2013." AR 1814 (statement dated April 23, 2021). Dr. Anderson opined that plaintiff is limited in "her ability to concentrate. function socially, and adhere to normal work-related expectations (such as adaptation. persistence and pace)" and Dr. Anderson "believe[s] that she would be unable to maintain regular attendance at any employment." AR 1814. The January 2021 statement provided the same information and opinion. AR 1335.

The ALJ found these statements to be "not persuasive." AR 30. As discussed above, the ALJ improperly relied on a generalized sample of treatment notes and daily activities in rejecting Dr. Anderson's opinion. AR 30-31.

13

The ALJ also addressed Dr. Anderson's own treatment notes which include statements that "[o]verall, she is doing very well" (AR 1070) and that plaintiff's "[g]eneral appearance" was "alert and extremely happy" (AR 1176). AR 30-31. Yet the first note addressed a "chief complaint" involving back pain (AR 1068) and was part of an "assessment" concerning her "lipoma of back." AR 1069-70. The second note similarly was part of an assessment concerning patient's physical issues, and notes patient's happiness in the context of her receiving approval for housing through the King County Housing Authority. AR 1173.

These citations relied on by the ALJ do not provide substantial evidence when considered in context. *Jason B.*, 2023 WL 4621895, at *2 (disapproving of an ALJ decision which "excised" findings from their "full context of the record."). And, the Ninth Circuit disapproves of discrediting a medical opinion simply because of occasional symptom-free periods. *Lester*, 81 F.3d at 833; *see also Garrison*, 759 F.3d at 1017.

**vii.    Patricia Terry, MSW, LICSW**

Ms. Terry provided a statement in January 2021. AR 1808.

Ms. Terry explained that plaintiff "has been a client of our program since 1/18/2018" and that she "began working with [plaintiff] on 1/10/2020 after her former mental health professional" (Mr. Johannes) "left the program." AR 1808.

Ms. Terry opined that plaintiff "has exhibited periods of depression . . . suffers from Major Depressive Disorder, current and chronic and often will have to stay in apartment because her symptoms often overwhelm her" and limit her ability for "social interaction" or "to complete basic tasks."; she stated, "it is difficult to imagine that she would be able to function in any sustained manner in a work setting." AR 1808. Ms.

Terry explained plaintiff has "Post-Traumatic Stress Disorder" (AR 1808); she opined plaintiff has "recurrent severe symptoms that will interfere with her ability to manage sustained concentration and pace of work setting." AR 1808.

It is undisputed the ALJ did not directly discuss the persuasiveness of Ms. Terry's medical opinion. Dkt. 9 at 14; Dkt. 11 at 2 n.1, 7-8. But the AC substantively discussed the persuasiveness of Ms. Terry's opinion. AR 5.

This procedural posture does not foreclose this Court's review. 42 U.S.C. § 405(b) provides the "Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter." In examining section 405(b), the Eighth Circuit observed that "the statute authorizes the Secretary, not the ALJ, to make reviewable final decisions in disability cases" meaning that when the "Secretary has chosen to act through the Appeals Council . . . it is the Council's decision that must be deferred to by the courts if substantial evidence exists to support it, whatever the result might have been if the courts were reviewing the ALJ's decision directly." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984).

Here, the AC's decision found Ms. Terry's opinion was "less persuasive, because it is not supported by her own treatment records . . . and it is not consistent with evidence from other medical sources and nonmedical sources . . ." AR 5.

As discussed above, it is error for the AC to rely on a generalized sample of treatment notes and daily activities in rejecting a medical opinion. AR 5.

The AC decision also cited notes specific to Ms. Terry, asserting that Ms. Terry indicated plaintiff "reported doing OK" (AR 1342-48) "feeling good" (AR 1425, 1430) "doing well, and being content" (AR 1823-25). AR 5.

These isolated quotes must be viewed in context. While Ms. Terry reported plaintiff said she was "'doing OK'" this was in the context of her treatment for substance abuse and otherwise noted "it is not clear how she is coping with her depression and PTSD symptoms" and even that plaintiff "would like to resume coming in a regular basis due to *increased* symptoms and needing *more* support." AR 1342-48 (emphasis added). The discussion of plaintiff "feeling good" was in the context of her receiving new housing. AR 1425, 1430. Similar to the above, Ms. Terry's notes that plaintiff reported as "'doing very well'" were also coupled with a report of "increased symptoms" and needing "more support." AR 1823-25. As discussed earlier, isolating quotes, when their full context indicates ongoing symptoms, does not provide substantial evidence. *Jason B.*, 2023 WL 4621895, at *2; *see also Lester*, 81 F.3d at 833; *see also Garrison*, 759 F.3d at 1017.

### C. Remedy

Plaintiff argues this Court should remand for an award of benefits. Dkt. 9 at 18. When deciding whether to remand for an award of benefits, the Court must first determine whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence. *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). Second, the Court must determine "whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful." *Treichler v.*

16

*Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotation marks omitted).

Only if the first two steps are satisfied can the Court determine whether, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020. Further, "[e]ven if [the Court] reach[es] the third step and credit[s the improperly rejected evidence] as true, it is within the court's discretion either to make a direct award of benefits or to remand for further proceedings." *Leon*, 880 F.3d at 1045 (citing *Treichler*, 773 F.3d at 1101-02).

Here, a remand for further proceedings is the appropriate remedy. The conflicting medical evidence shows ambiguity in the record, and these are issues the ALJ must resolve after properly evaluating each of the medical opinions.

### III.    CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. When outstanding issues of medical evidence remain, the Court "cannot deem the erroneously disregarded" evidence as true. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015).

Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings including a de novo hearing, evaluation of the medical opinion of Dr. Petaja, re-evaluation of the medical opinions of Dr. James Czysz, Dr. Jim Basinski, Ms. Patricia Terry, and Dr. Britt Anderson; and the opportunity to submit additional evidence.

Dated this 14th day of May, 2026.

Theresa L. Fricke
United States Magistrate Judge